**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| ViewRay, Inc., *et al.*,[1] | : | |
| | : | Case No. 23-10935 (KBO) |
| Debtors. | : | |
| | : | (*Jointly Administered*) |
| | : | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of ViewRay, Inc., | : | |
| | : | Adversary No. _____ |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PNC BANK, N.A., | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO (I) COMPEL TURNOVER OF PROPERTY OF THE DEBTORS'
ESTATE PURSUANT TO 11 U.S.C. § 542; (II) RECOVER THE PROPERTY FOR
UNJUST ENRICHMENT; (III) DISALLOW CLAIMS PURSUANT TO 11 U.S.C.
§ 502(d); (IV) COMPEL AN ACCOUNTING OF THE PROPERTY; AND
(V) SANCTIONS FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

George L. Miller, Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy

estates of ViewRay, Inc. ("ViewRay") and ViewRay Technologies, Inc. ("Technologies", and

with ViewRay, the "Debtors"), by and through his undersigned counsel, brings this adversary

complaint against PNC Bank, N.A. (the "Defendant" or "PNC Bank") requesting the following

relief: (i) to compel turnover of property of the Debtors' bankruptcy estate pursuant to 11 U.S.C.

§ 542; (ii) to recover the property for unjust enrichment; (iii) to disallow all claims of the

Defendant pursuant to 11 U.S.C. § 502(d); (iv) to compel an accounting of all the property at

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are ViewRay, Inc. (7485) and ViewRay Technologies, Inc. (8429). The mailing address for each of the Debtors is 2 Thermo Fisher Way, Oakwood, OH 44146.

issue in this action; and (v) to impose sanctions against the Defendant for its willful violations of the automatic stay. In support of the relief requested, the Plaintiff states as follows:

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E).

2.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

4.      This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 542 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

5.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **BACKGROUND**

6.      On or about July 16, 2023 (the "Petition Date"), ViewRay and Technologies commenced voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7.      On or about July 18, 2023, the Court entered an order [Docket No. 24] authorizing joint administration and procedural consolidation of these chapter 11 cases pursuant to §§ 101(2), 105(a), and 342(c)(1) of the Bankruptcy Code, Rules 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure, and Local Rule 1015-1.

8.      On October 26, 2023 (the "Conversion Date"), this Court entered an order converting these cases to Chapter 7 of the Bankruptcy Code [D.I. 398] (the "Conversion Order").

9.      On or about the Conversion Date, the United States Trustee appointed George L. Miller as Chapter 7 Trustee in these cases.

## PARTIES

10.     The Trustee, the Plaintiff herein, is authorized under the Bankruptcy Code to bring this action on behalf of the Debtors' bankruptcy estate.

11.     Upon information and belief, at all relevant times, Defendant is a banking institution with customers across the United States. Upon further information and belief, Defendant's principal place of business is located in Pittsburgh, Pennsylvania, but Defendant has branches throughout the United States, including Delaware. Plaintiff is informed and believes and, on that basis, alleges that Defendant is a company residing in and subject to the laws of the Commonwealth of Pennsylvania.

## STATEMENT OF FACTS

12.     On Petition Date, as reflected on Technologies' Schedules of Assets and Liabilities, the Debtors listed an ownership interest the following accounts at PNC Bank

    a.      checking account (account number ending *0758) with a balance of $9,914,050.88 (the "Checking Account").

    b.      money market account (account number ending *5109) with a balance of $-10.40 (the "Money Market Account").

    c.      operating account (account number ending *6164) with a balance of $1,695.793.82 (the "Operating Account").

d.      sweep account (account number ending *0758) with a zero balance (the "Sweep Account", and collectively with the Checking Account, Money Market Account, Operating Account "Accounts").

Attached hereto as *Exhibit 1* is a copy of the relevant pages of Technologies' Schedule A/B [Case No. 23-10936, D.I. 6].

13.     The Debtors maintained and used the Accounts during the bankruptcy and on October 3, 2023, the Debtors' filed a Monthly Operating Report for the period ending August 31, 2023 [D.I. 344] ("August MOR"). Attached hereto as *Exhibit 2* is a copy of the August MOR.

14.     As such, the balance of funds in the Accounts as of the Conversation Date is property of the Debtors' bankruptcy estate ("Account Funds"). *See* 11 U.S.C. § 541(a)(1).

15.     On October 31, 2023, the Trustee made written demand on Defendant for the turnover of the Account Funds. Attached hereto as *Exhibit 3* is a copy of the demand letter sent Defendant.

16.     On or about November 1, 2023, the Trustee sent said demand with requests by electronic mail to Defendant for turnover of the Account Funds. Attached hereto as *Exhibit 4* is a copy of the confirmation of receipt received by the Trustee. Defendant ignored all such requests and failed to turn over the Account Funds.

17.     The Trustee has not been able to obtain copies of the PNC Bank statements for each of the Accounts and is without sufficient knowledge to determine the exact amount of the Debtors' funds held by Defendant.

## CLAIMS FOR RELIEF

### COUNT I
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

18.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

19.     On the Petition Date, Debtors had ownership in the Account Funds at PNC Bank. The Account Funds on the Conversation Date were property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a).

20.     Defendant is in possession of property of the Debtors' bankruptcy estate.

21.     Pursuant to 11 U.S.C. § 542(a), any party in possession, custody or control of property of the Debtors' bankruptcy estate must turn over and deliver such property or the value thereof to the Trustee.

22.     Despite repeated demand from the Trustee, the Defendant has failed to turn over to the Trustee the Account Funds.

23.     Accordingly, pursuant to 11 U.S.C. § 542(a), Plaintiff is entitled to an order of the Court directing Defendant to immediately turn over the Account Funds.

### COUNT II
### (Unjust Enrichment)

24.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

25.     Defendant was enriched as a result of receiving the Account Funds by receiving and retaining something of value that belonged to the Debtors.

26. In addition, the Defendant may have been enriched by impermissibly collecting fees and other charges from the Account Funds without authorization or approval from this Court to do so.

27. This enrichment violates the law, equity and good conscience.

28. This enrichment does not result from enforceable agreements between the Debtors and the Defendant.

29. By reason of the foregoing, Defendant should be compelled by this Court to make restitution to Plaintiff in the amount that the Defendant has been unjustly enriched.

## COUNT III
### (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

30. The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

31. Defendant is an entity from which property is recoverable under 11 U.S.C. § 542.

32. Defendant has not turned over to the Trustee the Account Funds, for which Defendant is liable under 11 U.S.C. § 542.

33. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 or 7 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Bank Account Funds, plus interest thereon, and costs.

34. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 bankruptcy estate, or Plaintiff, previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Account Funds.

## COUNT IV
### (Accounting)

35.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

36.     The Account Funds may have dissipated from the Conversion Date through the current date as the Defendant may have withdrawn fees and charges from the Accounts post-petition and/or post conversation and without authorization.

37.     Not only has the Defendant failed to turn over the Account Funds, but it has similarly failed to turn over to the Trustee the statements for the Accounts from the Petition Date going forward.

38.     The Trustee is entitled to an accounting of the Accounts from the Petition Date through the current date by receiving from the Defendant the relevant bank statements for each of the Accounts.

39.     The Trustee demands a full accounting from the Defendant of the Accounts from the Petition Date through the later of (i) current date, or (ii) date the Account Funds are turned over to the Trustee.

## COUNT V
### (Sanctions Against Defendant for Willful Violations of the Automatic Stay)

40.     The Trustee incorporates by reference the preceding paragraphs as if set forth at length herein.

41.     The Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of … (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

42.    The Bankruptcy Code also provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

43.    Here, it is clear that the Defendant willfully violated the automatic stay provisions of the Bankruptcy Code by (a) refusing to turn over the Account Funds, despite repeated demand to do so by the Trustee, and (b) improperly and illegally taking money from the Accounts after the Petition Date.

44.    Pursuant to 11 U.S.C. § 362(k), the Trustee, on behalf of the Bankruptcy Estate, is entitled to damages, including costs and attorneys' fees, that he has incurred with respect to the willful violations of the automatic stay by the Defendant, including all attempts by the Trustee to recover the Account Funds.

WHEREFORE, the Trustee respectfully requests the entry of a judgment in his favor and against the Defendant as follows: (a) directing and ordering the Defendant to return to the Trustee all of the Account Funds pursuant to 11 U.S.C. § 542; (b) awarding judgment against the Defendant and in favor of the Plaintiff in an amount equal to the funds in the Accounts as of the Conversion Date, plus awarding pre- and post-judgment interest at the maximum legal rate running from the Conversion Date until the judgment is satisfied by the Defendant, and awarding Plaintiff its costs and attorney's fees as a result of this lawsuit; (c) compelling the Defendant to make restitution to the Plaintiff in the amount that it was unjustly enriched by its retention of the Account Funds; (d) compelling the Defendant to provide the Plaintiff an accounting of all activity in the Accounts from the Petition Date until such date as the Accounts Funds are turned over to the Trustee; (e) awarding sanctions against the Defendant for its willful violations of the

automatic stay, with such sanctions at the very least equaling the Plaintiff's fees and costs in attempting to retrieve the Account Funds; and (f) awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

Date: November 22, 2023

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of ViewRay Inc., and ViewRay Technologies, Inc.*